## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

### [ELECTRONICALLY FILED]

| | |
|---|---|
| **JOHN A. MULLINS**<br><br>                                    **PLAINTIFF**<br><br>v.<br><br>**PRUDENTIAL INSURANCE COMPANY OF AMERICA,** and<br><br>**GFS DIVISION VOLUNTARY EMPLOYEE BENEFIT PLAN**<br><br>                              **DEFENDANTS** | **CASE NO. 3:09CV-371-S**<br><br><br>**MOTION to COMPEL AGAINST DEFENDANT PRUDENTIAL INSURANCE COMPANY of AMERICA** |

Pursuant to Fed.R.Civ.P. 37 and to the Court's order [DN 38], the Plaintiff John A. Mullins, by and through undersigned counsel, hereby moves the Court for an order compelling Defendant Prudential Insurance Company of America ("Prudential") to substantively respond to Plaintiff's discovery requests herein within ten (10) days of this Court's entry of an order, and further award to plaintiff reasonable attorneys' fees for bringing this motion.[1] Rules 33 and 34 of the Federal Rules of Civil Procedure require a party to make a good faith effort to locate documents and facts to respond to discovery requests. To date, Prudential has failed to substantively answer the majority of Plaintiff's *First Set of Interrogatories* and *First Request for Production of Documents*, instead asserting boiler plate objections to most if not all of Plaintiff's written discovery requests.

---

[1]   The documents referenced herein should not be considered exhaustive (especially considering that Prudential has not produced a single electronic document), but is simply an example of the responsive answers and documents Plaintiff is confident Prudential can produce. Upon Prudential's substantive response and production, Plaintiff will be in a better position to further narrow and/or to supplement his requests.

## I.     DISCOVERY REQUESTS

Plaintiff asks that Prudential be compelled to substantively respond to the Plaintiff's First Set of Interrogatories and First Request for Production of Documents.   While Prudential has previously responded to Plaintiff's requests and supplemented the requests as ordered by the Court, Prudential has continued to refuse to respond to a number of Plaintiff's requests as follows:

### A.     INTERROGATORIES (RFI)

Prudential has failed to provide substantive responses to Plaintiff's interrogatories as follows:[2]

> **RFI #2**        Please state in detail the factual basis for the second to ninth defenses stated in Your answer to Plaintiff's complaint.
>
> **Response:**     Prudential objects to Interrogatory No.2 as compound. Subject to and without waiving the objections above, Prudential states that the basis for its defenses as set forth in Prudential's Answer are (1) governing ERISA law and/or (2) the terms of the plan documents/LTD policy at issue, which are readily identifiable by reviewing the plan documents produced under seal by Prudential in this matter, to which Prudential refers Plaintiff pursuant to Fed. R. Civ. P. 33(d).

Prudential's response failed to provide a substantive response to the request.  Prudential's answer to the complaint raised eight affirmative defenses (characterized as "Second Defense" through "Ninth Defense").  The respective defenses are that (1) Mr. Mullin's claims fail to state a claim upon which relief can be granted; (2) Mr. Mullin's claims under state law are preempted by ERISA; (3) Prudential's determinations are entitled to deference; (4) Mr. Mullins' benefits are subject to offset; (5) Mr. Mullins is not entitled to prospective benefits; (6) Mr. Mullins' claims are limited to the evidence presented during the administrative process; (7) Mr. Mullins' cannot

---

[2]     Prudential's responses to Plaintiff's First Set of Interrogatories are attached as <u>Exhibit A</u>.

maintain a claim for benefits and for a breach of fiduciary duty; and (8) Mr. Mullins' is not entitled to attorneys' fees, expenses and costs. Notably, the affirmative defenses do not provide a factual basis. Prudential's discovery response similarly fails to provide any factual basis for the respective statements.

Leaving aside the improper objection under FRCP 33(d), <u>see</u> discussion <u>infra</u>, Prudential's response is improper and unresponsive. Plaintiff is entitled to know the factual basis for each affirmative defense, or for that matter statement submitted by Prudential in its answer. Armed with the actual factual basis behind Prudential's pleading, Plaintiff is in a position to properly and fairly respond to the Court. More importantly, by requiring Prudential to provide the factual basis, the issues can be further narrowed for the parties as well as the Court – resulting in a more efficient process as envisioned by the rules.

> **RFI #3**      Please identify each person involved with Your decision to deny ongoing benefits to Plaintiff.
>
> **Response:**      Prudential objects to the term "ongoing benefits" as vague, ambiguous, and confusing. Subject to and without waiving the objections above, Prudential states that the identities of the employees involved in analyzing Plaintiffs claim/appeal for benefits are readily identifiable by reviewing the claims file produced under seal by Prudential in this matter, to which Prudential refers Plaintiff pursuant to Fed. R. Civ. P. 33(d).

Prudential's response fails to answer the interrogatory. First, Prudential engages in semantic gamesmanship concerning the phrase "ongoing benefits." Second, Prudential's response improperly relied upon FRCP 33(d) by referring Plaintiff to another document – without any specificity. <u>Cleveland Constr., Inc. v. Gilbane Bldg. Co.</u>, 2006 WL 2167238 at *5 (E.D.Ky. Jul. 31, 2006)("… even if Gilbane could read CCI's mind, that alone is no guarantee that it could discern the answers to its Interrogatories since it is highly unlikely that Gilbane would view certain facts and occurrences the same way that CCI does, as evidenced by the

present discovery dispute."); <u>United States Securities and Exchange Commission v. Elfindepan,</u> <u>S.A</u>, 206 F.R.D. 574, 576 (M.D.N.C.2002) ("documents themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions."); <u>The United Oil Co., Inc. v. Parts</u> <u>Associates, Inc.</u>, 227 F.R.D. 404 (D.Md.2005) (granting motion to compel based on improper use of FRCP 33(d) when answers to interrogatories involved exercise of particular knowledge and judgment); <u>Scaife v. Boenne</u>, 191 F.R.D. 590, 594 (N.D.Ind.2000) ("It is well established that an answer to an interrogatory must be responsive to the question.  It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories.").

Prudential's' 1300+ page document dump does nothing to allow Plaintiff to know the factual basis as to why Prudential contends Plaintiff is not entitled to ongoing benefits under the insurance policy.  Prudential must explain the factual basis for why it contends Plaintiff is not entitled to receive ongoing benefits.  Again, as the E.D Kentucky Court reiterated, "a party may not merely refer another party to the documents hoping the other party will be able to glean the requested information from them.  Indeed, the court generally finds such practice unacceptable." <u>Cleveland Constr., Inc.</u>, 2006 WL 2167238 at *6 (internal citations removed).

> **RFI #4**    Please explain in detail Your policies and procedures for accumulating and maintaining all relevant documents for the claims file, including but not limited to an explanation as to why the claims file is not presented in any semblance of order (i.e. chronological, medical by provider, multiple copies of the same document, etc.) and an explanation as to how You determine whether a document is included in the claims file.
>
> **Response:**    Prudential objects to Interrogatory No. 4 as compound, argumentative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Prudential also objects to the assertion that "the claims file is not presented in any semblance of order." Subject to and without waiving the above objections, Prudential states that all documents

and evidence specifically considered in the administration of claims should be included or referenced in the claims file, including all documents submitted by the claimant, all correspondence between Prudential and the claimant, a claims log, notes generated by Prudential personnel during the administration of the claim, communications with independent clinical or vocational professionals and the like.

Prudential's response fails to answer the interrogatory.   The interrogatory did not ask Prudential whether all of the documents were contained in the claims file.   Instead, the interrogatory asked for Prudential's policies and procedures for accumulating and maintaining documents.  Considering the disarray in which the documents were filed with the Court (as well as provided to Plaintiff during his appeal), the interrogatory requires a response.   More importantly, and leaving aside the apparent pattern and practice of submitting claims files in haphazard fashion,[3] only by assessing the procedures and safeguards Prudential utilizes to ensure all claims related documents are maintained can Plaintiff (and the Court) evaluate whether the claims file as tendered by Prudential is complete.

> **RFI #5**        Please explain in detail the attorneys' fees and costs You are seeking as referenced in Your answer, to include a detailed description of the contractual arrangement You have with counsel – indicating whether the agreement is hourly, flat rate, or contingent and the applicable details.
>
> **Response:**    Prudential objects to Interrogatory No.5 as compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections, Prudential states that ERISA provides a statutory procedure for recouping attorneys' fees and costs at the Court's discretion; if Prudential prevails in this action, it intends to make application for such fees and costs.

---

[3]    ERISA relies to a large extent on the law of trusts.  As a trust fiduciary, arguably Prudential would be subject to the duty to maintain clear, complete, and accurate books and records regarding the trust property and the administration of the trust, and, at reasonable intervals on request, to provide beneficiaries with reports or accountings.  See Restatement 3rd of Trusts, §83.

Prudential's response fails to answer the interrogatory.  Prudential has asserted that it is entitled to recover its attorneys' fees and costs in this matter (admitting the same in its response).  As such, Plaintiff is entitled to learn the details of the Prudential's claim for attorneys' fees – to include the applicable contract/agreement and the corresponding rates.  See OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1366-1367 (11th Cir. 2008) (finding a willful violation of the civil rules, where a party refused to provide discovery responses "directly relevant to [the party's] claim for attorney fees."); Tokraz v. TRG Columbus Development Venture, Ltd., 2008 WL 3850692 *1 (S.D.Fla.,Aug. 14, 2008) (requiring disclosure of retainer agreement as relevant to a party's claim for attorney fees).  "In the absence of unusual circumstances, the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee do not come within the privilege of the attorney-client relationship." In re Semel, 411 F.2d 195, 197 (3d Cir.1969); Nat'l Union Fire Ins. Co. of Pittsburgh v. Aetna Cas. & Surety Co., 384 F.2d 316, 317 n. 4 (D.C.Cir.1967) (fact of attorney-client relationship and reason for its existence generally are not privileged).  By pleading a claim for attorneys' fees, Prudential has opened the door to Plaintiff's requested discovery.  As such, Prudential should be compelled to provide a complete and substantive response.

> **RFI #6**    For each employee of Prudential involved in the decision to deny Plaintiff's ongoing benefits, please state the person's title, years of employment with Prudential, rate of pay for 2007, 2008 and 2009, amount of any bonuses, awards, or other remuneration given in 2007, 2008 and 2009, and state any awards, achievements or similar recognition given to each employee, in 2007, 2008 and 2009, and state the name and job title of any supervisor or more senior employee of Prudential who evaluated the above employees job performance in any way during 2007, 2008 and 2009.
>
> **Response:**    Prudential objects to Interrogatory No. 6 as compound, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly

burdensome, and not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws. Prudential further objects to the term "ongoing benefits" as vague, ambiguous, and confusing. Prudential also states that the identities of the employees involved in analyzing Plaintiffs claim/appeal for benefits are readily identifiable by reviewing the claims file produced under seal by Prudential in this matter, to which Prudential refers Plaintiff pursuant to Fed. R. Civ. P. 33(d). Subject to and without waiving the objections above, Prudential further states that its claims/appeals personnel are not compensated or offered any form of financial incentive on the basis of claims denials.

Prudential's answer is not responsive. Again, Prudential has relied upon FRCP 33(d) to avoid answering the interrogatory. As discussed *supra*, this sort of answer is improper. In addition, a cursory review of the 1300+ documents referred to by Prudential indicates that there are no responsive documents. Further, Prudential has improperly reworded the request. Plaintiff did not ask if Prudential compensated employees on the basis of claims denials. Rather, the interrogatory asked for Prudential's actual compensation, bonuses and awards paid to any person involved in Plaintiff's claim. This information is highly relevant to any inherent financial bias that would otherwise infect the goal as stated in Glenn - "accurate claims processing." Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2350 (2008).

> **RFI #7**     Please state the specific basis upon which Plaintiff's ongoing benefits were denied.

> **Response:**     Prudential objects to the term "ongoing benefits" as vague, ambiguous, and confusing. Subject to and without waiving the objections above, Prudential states that the basis of the claims denial is readily identifiable by reviewing the claims file produced under seal by Prudential in this matter, to which Prudential refers Plaintiff pursuant to Fed. R. Civ. P. 33(d).[4]

---

[4]   Prudential provided a supplemental answer to this interrogatory. However, as with the present answer, the supplemental answer again refers Plaintiff to a document so as to ascertain Prudential's answer.

Prudential's answer is not responsive. Rather than answering the interrogatory, Prudential again has referred Plaintiff to 1300+ pages of documents. As previously discussed, an interrogatory may not refer a party to another document or pleading to guess at the answer. <u>See supra</u>. Similarly, Prudential cannot hide behind Rule 33(d). <u>Cleveland Constr., Inc.</u>., 2006 WL 2167238 at *5 (only defendant knew "what facts and information it has relied upon to support" its position); <u>United States Securities and Exchange Commission v. Elfindepan, S.A.</u>, 206 F.R.D. 574, 576 (M.D.N.C.2002) ("documents themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions."); <u>The United Oil Co., Inc. v. Parts Associates, Inc.</u>, 227 F.R.D. 404 (D.Md.2005) (court granted motion to compel based on improper use of FRCP 33(d) when answers to interrogatories involved exercise of particular knowledge and judgment); <u>Johnson v. Kraft Foods North America, Inc.</u>, 2006 WL 1675942 (D.Kan.2006). Again, Plaintiff is not required to engage in speculation as to Prudential's rationale. Rather, Plaintiff is entitled to a complete answer to his request.

> **RFI #8**      Please state the specific information that You would have needed in order to continue Plaintiff's ongoing benefits.
>
> **Response:**      Prudential objects to the term "ongoing benefits" as vague, ambiguous, and confusing. Subject to and without waiving the objections above, Prudential states that the definition of disability and other applicable provisions of the policy, including but not limited to its description of proof of claim requirements, are readily identifiable by reviewing the claims file and plan documents produced under seal by Prudential in this matter, to which Prudential refers Plaintiff pursuant to Fed. R. Civ. P. 33(d). Specifically, and without limitation, Prudential further directs Plaintiff to the final claims denial letter, which is bates labeled D1252-D1262.

Yet again, Prudential's answer is not responsive. Rather than answering the interrogatory, Prudential continues to improperly refer the Plaintiff to the claims file. As the ample case law cited herein supports, Prudential may not simply hide behind FCRP 33(d). A

substantive response is required.    Further, ERISA clearly requires that Prudential provide

Plaintiff will a "full and fair review."  29 U.S.C. §1133; 29 C.F.R. 2560.503-1; <u>See e.g.</u>, <u>Sutley</u>

<u>v. International Paper Co.</u>, 2009 WL 703555 (W.D. Penn., Mar. 16, 2009) (finding a violation of

full and fair review where the plan to inform claimant of additional evidence necessary to

support his claim);  <u>See also</u>, <u>Myers v. Prudential Ins. Co. of America</u>, 581 F.Supp.2d 904 (E.D.

Tenn., Sept. 22, 2008) (allowing discovery into Prudential's conduct in providing a full and fair

review).

> **RFI #9**    Please state the name, address, position/job title,
> employer and phone number of any doctor, nurse, vocational
> rehabilitation/occupational counsel and/or any other health or
> vocational professional (other than the Plaintiff's treating
> physicians) who rendered a report or opinion to Defendant,
> examined records for the Defendant, or examined Plaintiff for the
> Defendant at any time.

> **Response:** Prudential objects to Interrogatory No. 9 as compound.
> Subject to and without waiving the objections above, Prudential
> states that the identities of the professionals involved in analyzing
> Plaintiffs claim/appeal are readily identifiable by reviewing the
> claims file produced under seal by Prudential in this matter, to
> which Prudential refers Plaintiff pursuant to Fed. R. Civ. P. 33(d).[5]

Yet again, Prudential's answer is not responsive.    Rather than answering the

interrogatory, Prudential continues to improperly refer the Plaintiff to the claims file.  As the

---

[5]    RFI 9-13 concern the reviews and opinions disclosed by Prudential to support its decision to terminate Plaintiff's disability benefits.  However, the reviews themselves are inherently suspect.

A review of two reports relied upon by Prudential, both obtained from MES Solutions, further supports Plaintiff's concerns about the impartiality of the alleged reviews.  A cursory review of the first 4 ½ pages of each report shows the reports to be identical.  [D0153-D0157; D0162-D01666].  The reports are not just similar – <u>they are identical</u>.  This improbable statistical anomaly (identical reports from two supposedly independent persons reminiscent of *The Topos of the Monkeys and the Typewriters*) calls into serious question the impartiality of these alleged reviews.  Further inquiry is clearly appropriate to determine the extent of this anomaly and apparent conflict.

ample case law cited herein supports, Prudential may not simply hide behind FCRP 33(d).  More importantly, Prudential's answer presumes that any individual would in fact be reflected in the claims file.  Absent a sworn statement from Prudential to the contrary and the opportunity to depose the person offering such a statement, Plaintiff is not required to blindly accept this presumption.

> **RFI #10**    For each person You identify in your answer to Interrogatory No. 9, please state the number of times in 2007, 2008 and 2009 the person reviewed a claim on behalf of Prudential, whether the person was contracted directly by Prudential, or by a third-party with whom Prudential contracted to obtain such review.
>
> **Response:**    Prudential objects to Interrogatory No. 10 as compound, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws. Subject to and without waiving the objections above, Prudential states that claims decisions are not made by clinical or vocational consultants or the like but rather are rendered by claims management personnel and further states that professionals involved in analyzing a claim or appeal for benefits are not compensated on the basis of their conclusions or ultimate claims denials. Rather, they are asked for and paid for, and are offered no financial incentive to render anything other than, their legitimate professional opinions.[6]

Yet again, Prudential's answer is not responsive.  Again, Prudential has altered the interrogatory to suit its own agenda and answer.  The interrogatory did not ask Prudential for information concerning its claims personnel.  Instead, the interrogatory asked for information concerning "any doctor, nurse, vocational rehabilitation/occupational counsel and/or any other

---

[6]    Prudential has supplemented its responses to Requests 10-12.  However, the responses again are not responsive.  First, they continue to improperly attempt to answer by referring to documents.  Second, Prudential is holding the allegedly responsive documents hostage to a protective order – despite being ordered and in fact answering similar interrogatories in the E.D. Tenn.  See Myers v. Prudential Ins. Co. of America, 581 F.Supp.2d 904.  Further, Prudential must respond to the respective interrogatory by providing a substantive written answer under oath.

health or vocational professional (other than the Plaintiff's treating physicians) who rendered a report or opinion" to Prudential.  Further Prudential's objection is unfounded and unwarranted. Prudential has previously been required to answer a similar interrogatory.  See <u>Myers</u>, 581 F.Supp.2d 904.  <u>See also</u>, <u>Exhibit B</u> – Prudential Answers in Myers.[7]  Similarly, Prudential should be required to provide full and complete response to Plaintiff's request.

> **RFI #11**      For each person You identify in your answer to Interrogatory No. 9, please state how much the person was paid (or how much the person's employer or third-party contactor was paid on their behalf) for their review in this case, and how much the person was paid in total by Prudential in 2007, 2008 or 2009.
>
> **Response:**      Prudential objects to Interrogatory No. 11as compound, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws. Subject to and without waiving the objections above, Prudential states that professionals involved in analyzing a claim/appeal for benefits are not compensated on the basis of claims denials and further refers Plaintiff to its response to Interrogatory No. 10.

Prudential's answer is not responsive.  In a continuing pattern, Prudential has altered the interrogatory to suit its own agenda.  The interrogatory did not ask Prudential if its claims personnel were compensated on the basis of claims denials.  Instead, the interrogatory asked for information concerning "any doctor, nurse, vocational rehabilitation/occupational counsel and/or any other health or vocational professional (other than the Plaintiff's treating physicians) who rendered a report or opinion" to Prudential, and inquired as to the compensation Prudential paid to these individuals.  These facts bear directly upon the particular person or entity's financial incentive to provide reports and/or opinions favorable to Prudential.  See <u>Darland v. Fortis Benefits Ins. Co</u>., 317 F.3d 516, 528 (6th Cir.2003) (overruled on other grounds, <u>Black & Decker</u>

---

[7]    This information was provided by Prudential <u>without</u> a protective order.  See <u>Exhibit C</u>.

Disability Plan v. Nord, 538 U.S. 822 (2003)) ("Fortis had a 'clear incentive' to contract with a company whose medical experts were inclined to find in its favor that Darland was not entitled to continued LTD benefits."); Cleveland v. Liberty Life Assur. Co. of Boston, 2009 WL 649893 at *11 (E.D.Mich., Mar. 10, 2009) ("Liberty had a clear incentive to contract with individuals who were inclined to find in its favor that plaintiff was not entitled to continued LTD benefits."); Hall v. National City Corp. Welfare Benefits Plan, 2008 WL 1901388 at *12 (N.D.Ohio, Apr. 25, 2008) ("In a case in which an expert is retained by [an insurer], a similar conflict may exist because of that expert's likelihood of finding in favor of the entity providing compensation for his services, or the [insurer's] likelihood of contracting with an expert who would find in its favor."

> **RFI #12**     For each person You identify in your answer to Interrogatory No. 9 who was employed by or obtained via a third-party contracted to Prudential, rather than being hired directly and individually by Prudential, state how many reviews Prudential has obtained through that third-party, and how much Prudential paid that third- party, in 2007, 2008 or 2009.
>
> **Response:**     Prudential objects to Interrogatory No. 12 as compound, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws. Subject to and without waiving the objections above, Prudential states that professionals involved in analyzing a claim/appeal for benefits are not compensated on the basis of claims denials and further refers Plaintiff to its response to Interrogatory No. 10.

It is unclear whether Prudential even read this request and instead simply cut-and-pasted its prior answers.  Regardless, Prudential's answer is not responsive.  In a continuing pattern, Prudential has altered the interrogatory.  The interrogatory did not ask Prudential if its claims personnel were compensated on the basis of claims denials.  Instead, the interrogatory asked for information concerning its use of any third party vendor and the number of "reviews Prudential

has obtained through that third-party, and how much Prudential paid that third- party, in 2007,

2008 or 2009."    As discussed *supra*, this information is directly relevant to the Plaintiff's

investigation of bias and the extent to which Plaintiff was provided a full and fair review.

> **RFI #13**    For each person You identify in your answer to Interrogatory No. 9, please state professional qualifications of each person and identify Your policies and procedures for ensuring the person has "appropriate training and experience in the field of medicine involved in the medical judgment."
>
> **Response:**    Prudential objects to Interrogatory No. 13 as compound, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of the administrative record. Subject to and without waiving the objections above, Prudential states that the professional qualifications of professionals involved in analyzing Plaintiffs claim/appeal for benefits are readily identifiable by reviewing the claims file produced under seal by Prudential in this matter, to which Prudential refers Plaintiff pursuant to Fed. R. Civ. P. 33(d).

Prudential's answer is not responsive.    Rather than answering the interrogatory,

Prudential again improperly referred Plaintiff to the claims file.  Further, a review of the claims

file does not produce any responsive document.  To ensure that he was provided a full and fair

review, Plaintiff is entitled to learn the professional credentials of each person who participated

in reviewing his claim, including but not limited to medical reviewers.  See 29 C.F.R. 2560.503-

1(h)(3)(iii).

> Provide that, in deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment … the appropriate named fiduciary shall consult with a health care professional who has **appropriate training and experience** in the field of medicine involved in the medical judgment.

Similarly, the insurance policy at issue defines "doctor" as follows:

**Doctor** means a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or
- has a doctoral degree in Psychology (PhD. or Psy.D.) whose primary practice is treating patients; or
- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

[D0083-D0084].[8]  Aside from not answering Plaintiff's interrogatories asking for the identity of all individuals who reviewed (whether an opinion was offered or not) Plaintiff's claim,[9] Prudential has similarly failed to provide the respective qualifications of each person.

> **RFI #15**      Please state the total number of GFS employees You have paid long term disability benefits.

> **Response:**   Prudential objects to Interrogatory No. 15 as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of the administrative record.

Prudential's answer is not responsive.  First, the unduly burdensome objection is wholly without merit.  Aside from the fact that every state requires insurers to maintain accurate records concerning claims, any insurer is clearly going to maintain accurate records to reflect the claims/loss ratio (i.e. profitability) on a policy.  Second, the objection as to scope is similarly lacking.  Prudential's claims administration (whether consistent or otherwise) goes to the heart of

---

[8]   Notably, neither of Prudential's disclosed reviewers (Fuchs and Rangaswamy) are licensed in either Kentucky or Florida – contrary to the express terms of the policy.

[9]   29 C.F.R. 2560.503-1(m)(8)(iv).

> In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, <u>without regard to whether such advice or statement was relied upon</u> in making the benefit determination.

its fiduciary obligations to GFS participants, to include Plaintiff.  Finally, the information sought is directly relevant to Plaintiff's allegation that Prudential's claims practices are influenced by its own financial self-interests.  Prudential's profitability on this policy is entirely relevant.

> **RFI #16**     Please state the total amount of long term disability benefits You have paid to GFS employees.
>
> **Response:**     Prudential objects to Interrogatory No. 16 as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of the administrative record.

Prudential's answer is not responsive.  Again, the unduly burdensome objection is without merit.  As with request 15, Prudential necessarily would possess information related to the claims/loss ratio on the relevant policy.  The information sought is directly relevant to Plaintiff's allegation that Prudential's claims practices are influenced by its own financial self-interests.  Prudential's profitability on this policy is entirely relevant.

> **RFI #17**     Please state the total premiums, or any other compensation, You have received from GFS for the long term disability insurance policy.
>
> **Response:**     Prudential objects to Interrogatory No. 17 as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of the administrative record.

Prudential's answer is not responsive.  Again, the unduly burdensome objection is without merit.  As with request 15, Prudential necessarily would possess information related to the claims/loss ratio on the relevant policy.  The information sought is directly relevant to Plaintiff's allegation that Prudential's claims practices are influenced by its own financial self-interests.  Prudential's profitability on this policy is entirely relevant.

> **RFI #18**     Please state the number of GFS employees who have applied for long term disability benefits.

**Response:** Prudential objects to Interrogatory No. 18 as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of the administrative record.

Prudential's answer is not responsive. Again, the unduly burdensome objection is without merit. As with request 15, Prudential necessarily would possess information related to the claims/loss ratio on the relevant policy. The information sought is directly relevant to Plaintiff's allegation that Prudential's claims practices are influenced by its own financial self-interests. Prudential's profitability on this policy is entirely relevant.

**RFI #19** Please state the total number of GFS employees who have received disability benefits from Prudential whose benefits have been denied or terminated.

**Response:** Prudential objects to Interrogatory No. 19 as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of the administrative record.

Prudential's answer is not responsive. Again, the unduly burdensome objection is without merit. As with request 15, Prudential necessarily would possess information related to the claims/loss ratio on the relevant policy. The information sought is directly relevant to Plaintiff's allegation that Prudential's claims practices are influenced by its own financial self-interests. Prudential's profitability on this policy is entirely relevant.

**RFI #20** Please state the total number of GFS employee who have received disability benefits from Prudential under an any occupation definition, specifying the average (or specific if less burdensome) period of any occupation benefits paid.

**Response:** Prudential objects to Interrogatory No. 20 as compound, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of the administrative record.

Prudential's answer is not responsive.  Again, the unduly burdensome objection is without merit.  As with request 15, Prudential necessarily would possess information related to the claims/loss ratio on the relevant policy.  The information sought is directly relevant to Plaintiff's allegation that Prudential's claims practices are influenced by its own financial self-interests.  Prudential's profitability on this policy is entirely relevant.

> **RFI #21**    Please state the total amount of reserves and savings You obtained as a result of Your decision to deny ongoing benefits to Plaintiff.
>
> **Response:**    Prudential objects to Interrogatory No. 21 as compound, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of the administrative record. Prudential further objects to the terms or phrases "ongoing benefits" and "reserves and savings You obtained" as vague, ambiguous, and confusing. Subject to and without waiving the objections above, Prudential states that it does not recognize or treat any amount as "savings" attributable to the termination of Plaintiffs benefits based on his failure to satisfy the plan's terms for payment of disability benefits.

Prudential's answer is not responsive.  Again, the unduly burdensome objection is without merit.  As with request 15, Prudential necessarily would possess information related to the claims/loss ratio on the relevant policy.  The information sought is directly relevant to Plaintiff's allegation that Prudential's claims practices are influenced by its own financial self-interests.  Prudential's financial interest in Plaintiff's claim is highly relevant.  The reserves established for his claim

> **RFI #23**    Please describe in detail Your "administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants."

> **Response:**  Prudential objects to Interrogatory No. 23 as compound, imprecise, overly broad, unduly burdensome, and outside the scope of the administrative record. Subject to and without waiving the objections above, Prudential further states that administrative processes include but are not limited to training of claims professionals and quality review procedures.  Prudential further states that, in addition to Prudential's responses above that demonstrate the lack of connection between compensation and claim determinations, administrative safeguards and processes are evident from the Administrative Record already produced in this matter which demonstrates that personnel involved in analyzing initial claims and any subsequent administrative appeals examine the complete body of evidence in the Administrative Record, are required to communicate the reasons for claim determinations to claimants, including reference to governing plan documents where appropriate.

Prudential's answer is not responsive.  Whereas Plaintiff requested Prudential to describe in detail Prudential's administrative processes, Prudential instead has offered a self-serving and conclusory statement.   The applicable Department of Labor regulations demand <u>at a minimum</u> that Prudential establish "claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants."  29 CFR 2560-503-1(b)(5).  Plaintiff has simply requested that Prudential explain the administrative processes and safeguards it has established to comply with the Department of Labor directive.[10]

---

[10]   Aside from the issues created by the use of non-licensed reviewers, the regular use of paid reviewers, and the resulting identical reports, there are also concerns over Prudential's submission of the policy.  Whereas the Plaintiff was provided the policy at [D54-86], Prudential offered a different policy at [D1342-1363].  The different policy includes additional pages [D1357-1363] not previously provided to the Plaintiff.

This is not the first time Prudential has engaged in offering policy terms different from those provided to an insured.  <u>See</u> <u>Doley v. Prudential Ins. Co. of America</u>, 2008 WL 131192 *1 (D.D.C., Jan. 8, 2008).

### B.    PRODUCTION (RFP)

Plaintiff only tendered twenty-six document requests relating to the <u>financial bias</u> of Prudential (including its employees and vendors), the <u>completeness of the claims file</u>, the <u>appropriate standard of review</u>, Prudential's <u>administrative procedures for making benefit determinations</u>, Prudential's <u>affirmative defenses</u>, Prudential's <u>prior interpretation and consistent application of the relevant plan language</u>, and the extent to which Prudential provided Plaintiff with a <u>full and fair review</u>. This limited area of inquiry is entirely permissible and within the expected realm of discovery under ERISA. However, Prudential has failed to provide a substantive response to Plaintiff's request for production.[11] In addition, Prudential has also ignored its obligations concerning electronic discovery – answering as though Plaintiff's requests did not request or address electronic documents. Except for its January 11, 2010 Court ordered supplement, Prudential has shirked its discovery obligations – offering meritless cut-and-paste objections.[12] Plaintiff's requests for production at issue are as follows:

---

> Prudential has offered no explanation for the discrepancy between plaintiff's submitted plan documents and its own. Compare [defense copy with ERISA statement in table of contents] with [plaintiff copy with no ERISA statement in table of contents]. Under these circumstances, I conclude that the ERISA statement cannot be considered "part of the plan." And because I find the plan language without the ERISA statement insufficient to confer discretionary authority on Prudential, the standard of review must be de novo.

<u>Id</u>. at *1. As in <u>Doley</u>, Plaintiff's policy similarly makes no reference to any ERISA statement. Yet Prudential, despite the admonition in <u>Doley</u>, continues to insert language into the policy solely for its own benefit. Clearly, further inquiry is warranted.

[11]    Prudential's responses to Plaintiff's First Request for Production of Documets are attached as <u>Exhibit D</u>.

[12]    An example of Prudential's cut-and-paste objection is as follows:

**RFP #1**        All documents relied upon or referred to in each of Your answers to Plaintiffs First Set of Interrogatories - specifying the specific Interrogatory for which a document(s) is being produced.

**Response:**   Subject to and without waiving the objections above, pursuant to Fed. R. Civ. P. 34, Prudential refers to its responses to Plaintiffs First Set of Interrogatories and further states that it already has produced Plaintiff s administrative record (including plan documents), documents bates stamped D0001-D01379.[13]

It is entirely unclear which interrogatory responses Prudential is referring to in this response.  Ostensibly, Plaintiff is again left to engage in a guessing game so as to arrive at Prudential's response.  As discussed <u>supra</u>, Prudential's response is improper.

29 CFR 2560.503-1 provides the mandatory minimum standards that Prudential must follow in reviewing Plaintiff's claim for ongoing benefits.  Section (h) of the regulation requires

---

Prudential incorporates its General Objections above as if set forth fully herein. Further, Prudential objects to RPD No. ___ as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents: (l) that are outside the administrative record; and (2) have no bearing on the question of whether Plaintiff is or is not disabled within the meaning of the Plan. <u>E.g.</u>, <u>Univ. Hosps.</u>, 202 F.3d at 845 n.2; <u>Perlman</u> at 981-82. Plaintiff provides no basis, case specific or otherwise, for requesting information that is irrelevant to the question of whether he is entitled to disability benefits. This request is overly broad and beyond the scope of discovery because the documents requested do not pertain to Plaintiff or his claim.

To avoid needless repetition, where Prudential has relied upon this stock objection, Plaintiff refers the Court to this footnote.

[13]   Despite providing a supplemental response indicating that it was incorporating documents pursuant to "the indexes provided in A and B," Prudential has yet to provide a responsive document to RFP# 1.  A review of Prudential's index does not reflect any additional responsive document.

that Prudential provide all "relevant" documents.[14]    The regulation defines a "relevant" document to include any document "submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination."  29 CFR 2560.503-1(m)(8)(iii).  Simply because Prudential asserts that the claims file has been produced the inquiry is not at an end. Plaintiff is entitled to obtain and review all "relevant" documents regardless of whether they were included in the claims file.

> **RFP # 2**    All contracts between You and any third-party referred to in Your answers to Plaintiffs First Set of Interrogatories.
>
> **Response:**    See FN 12.    Subject to and without waiving these objections, Prudential states that the group contract is included in the documents bates stamped 00001-01379.

Prudential has offered a supplemental response in which it asserts that it will produce the applicable contracts with MLS, MES Solutions, and Howard Vocational Consulting.  Plaintiff reserves the right to seek additional discovery on this request after having an opportunity to review the promised documents.

> **RFP # 3**    All contracts between You and any person referred to in Your answer to Plaintiffs Interrogatory No. 9.
>
> **Response:**    See FN 12.    Prudential further objects to this RPD as it is not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws.

---

[14]  "… the claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures - … (iii) Provide that a claimant … copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section."  29 CFR 2560.503-1(h)(2)(iii).

Prudential has offered a supplemental response in which it asserts that it will produce the applicable contracts with MLS, MES Solutions, and Howard Vocational Consulting.  However, none of these entities would be considered a person (the difference between RFP 2 and RFP 3). Plaintiff is seeking any contracts between Prudential and any person.  Any such contract would encompass an employment contract or similar relationship.  To the extent that Prudential has no responsive documents, it should so state.   Otherwise, Plaintiff is entitled to a substantive response.

> **RFP # 4**    All  contracts  between  You  and  Your  attorney indicating the attorneys' fees and costs to be charged to You in this matter.
>
> **Response:**    See FN 12.

This request dovetails with RFI # 5.  Plaintiff incorporates his prior discussion supporting the basis for this request.  See e.g. Tokraz v. TRG Columbus Development Venture, Ltd., 2008 WL 3850692 *1 (S.D.Fla.,Aug. 14, 2008) (requiring disclosure of retainer agreement as relevant to a party's claim for attorney fees).  Again, by pleading a claim for attorneys' fees, Prudential has opened the door to Plaintiff's requested discovery.  As such, Prudential should be compelled to provide a complete and substantive response.

> **RFP # 5**    The employment file of each person, employed by Prudential, who was involved in the decision to deny ongoing disability benefits to Plaintiff.
>
> **Response:**    See FN 12.  Prudential further objects to this RPD as it is not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws. Prudential also objects to the term "ongoing benefits" as vague, ambiguous, and confusing.[15]

---

[15]  Prudential continues to engage in semantic games – taking an otherwise common phrase and seeking to make a term of art.  This sort of discovery gamesmanship has been soundly criticized by the federal courts as improper.  See House v. Giant of Maryland LLC, 232 F.R.D. 257, 261 (E.D.Va., 2005) (discovery requests "are not games of 'Battleship' in which the propounding

Prudential's objection as to privacy is without merit. As ordered by the Court, Prudential and Plaintiff have tendered proposed protective orders. Clearly any private information concerning any particular Prudential employee would be subject to the final protective order as entered by the Court. With respect to the contents of the employee files, Plaintiff is seeking to review the performance reviews and manners in which Prudential compensated (whether in cash or other forms of recognition) each employee involved with Plaintiff's claim. Any bias, however small, must be brought to light. Further, because Plaintiff's claims must be reviewed by a qualified person, see 29 CFR 2560.503-1, the respective employee's training, experience and credentials (if any) are especially relevant.

> **RFP # 6**      All documents relating to Prudential's written criteria or standards for employee compensation, evaluation, performance, bonuses and awards.

> **Response:**      See FN 12. Prudential further objects to this RPD as it is not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws.

Prudential's objection is based on an improper and incorrect characterization of Plaintiff's request (a continuing pattern as evidenced by Prudential's responses to other requests. Plaintiff has not asked Prudential to provide any information concerning a particular employee that would raise any issue of privacy. To the contrary, Plaintiff has simply requested that Prudential provide the written criteria and standards used to evaluate employee performance – a request that bears directly on any improper bias (or pressure) placed upon Prudential employees.

---

party must guess the precise language coordinates that the responding party deems answerable.").

Further, Prudential has supplemented this response by offering an index of four responsive documents - to be produced with and without a protective order. However, the documents identified by Prudential fail to identify any emails, internal memoranda, or any other similar document that would relate to and necessarily be relevant to understanding Prudential's criteria and standards.

> **RFP # 7**      All performance evaluations, performance reviews or performance evaluations for each Prudential employee who was involved in the decision to deny ongoing benefits to Plaintiff.
>
> **Response:**    <u>See FN 12</u>.   Prudential further objects to this RPD as it is not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws. Prudential also objects to the term "ongoing benefits" as vague, ambiguous, and confusing.[16]

Similar to RFP # 5, Prudential's objection as to privacy is without merit. Again, any privacy issues will easily be addressed with the tendered protective orders. As to the actual evaluations and performance reviews, these documents necessarily bear directly upon determining the extent of Prudential's inherent bias – specifically as carried out by its employees.

> **RFP # 8**      All documents relating to any training provided by or on behalf of Prudential to each person, employed by Prudential, who was involved in the decision to deny ongoing disability benefits to Plaintiff. For purposes of this request, any such training would be limited to the processing and administration of claims and appeals.
>
> **Response:**    <u>See FN 12</u>.   Prudential further objects to the term "ongoing benefits" as vague, ambiguous, and confusing.[17]

---

[16]   <u>See FN 15</u>.

[17]   <u>See FN 15</u>.

Once again, the governing Department of Labor regulations, an ERISA plan is required to "establish and maintain reasonable claims procedures." 29 CFR 2560.503-1(b). For example, any such claims procedures are "be deemed reasonable only if" – "(5) [t]he claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants." It necessarily follows that any person reviewing a claim must have received training as to Prudential's "claims procedures."

> **RFP # 9**    All documents relating to any external training (I.e. seminar, webinar, etc.) provided to any person, employed by Prudential, who was involved in the decision to deny ongoing disability benefits to Plaintiff. For purposes of this request, any such training would be limited to the processing and administration of claims and appeals.

> **Response:**    <u>See FN 12</u>.    Prudential further objects to the terms or phrases "ongoing benefits" and "external training" as vague, ambiguous, and confusing.[18]

As with RFP # 8, Plaintiff is entitled to learn of any external training received by Prudential personnel related to claims administration. While not an exhaustive list, it would be helpful to learn whether Prudential claims personnel (to include any Prudential employee involved in the denial decision – such as in-house legal) have attended seminars conducted by the American Conference Institute and the DRI.

For example, just this past October, the American Conference Institute conducted a seminar entitled *ERISA Litigation*. <u>Exhibit E</u>. One of the advertising points for this seminar is indicative of the inherent bias in the claims process: "...this conference will provide even the most seasoned ERISA litigators with clarity and certainty with respect to *today's key issues*

---

[18]    <u>See FN 15</u>.

*crucial to mounting a rigorous and complete defense*." (emphasis in original). <u>Id.</u>, p.2. This raises the question as to why a supposed non-adversarial process would necessitate an insurer "mounting a rigorous and complete defense." Further, even more telling is the title for one of the first sessions at the seminar: "In-House Think Tank on Containing Costs, Preventing and Managing Litigation, & Using the Claims Review Process to Set Up, Control and Strengthen the Defense." <u>Id.</u>, p.3. If the title of this session were not enough to make clear its intent to build a basis for denying a claim – without regard to the merits of the claim, one need only look at a few of the bullet points used to sell the program.

> ### *The Administrative Record*
> - State of the record upon which a decision was based: Anticipating claims when making the decision and **preparing to defend it <u>before</u> the decision is made.**

<u>Id</u>.

Similarly, the DRI is scheduled to hold its seminar entitled "Life, Health, Disability and ERISA Claims" in April of this year. <u>Exhibit F</u>. This annual seminar is hosted by DRI – which touts itself as "The Voice of the Defense Bar." <u>Id</u>. With a focus on litigation, as opposed to a non-adversarial claims process, this seminar opens with a session entitled "Unique Strategies for Recurring Issues in the ERISA Claim Process." <u>Id.</u>, p.3. Of note, Prudential's own Leonard A. Giusti is listed as a keynote speaker on this topic. <u>Id</u>. In fact, as indicated in the speaker profile, Mr. Giusti "currently manages litigation involving disputes over **<u>group disability</u>** and life insurance benefits."

In addition to internal training, any external training (whether as a participant, speaker, trainer, etc.) is obviously relevant to how Prudential employees are conditioned to address and evaluate disability claims – such as Plaintiff's.

> **RFP # 10**     Curriculum vitae on each person referred to in Your answers to Plaintiffs First Set of Interrogatories.
>
> **Response:**     <u>See FN 12</u>.   Prudential further objects to this RPD as it is not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws.

Prudential has offered a supplemental response in which it asserts that it will produce the applicable curriculum vitae ("CV") for Albert Fuchs, Leela Rangaswamy, and Sue Howard – subject to a protective order.  How the CV of a party (which clearly by its nature has been disclosed in the public arena) would be subject to any privacy issue is unclear.  To the extent that Prudential can demonstrate that the respective CVs have not previously been disclosed in the public arena, Plaintiff will agree to their disclosure as protected (pursuant to the suggested order proffered by Plaintiff).  Further, Plaintiff reserves the right to seek the applicable CV on any additional person disclosed by Prudential.

> **RFP # 11**     All documents relating to any legal or administrative action filed by any person insured or covered under Group Insurance Contract No. G-44096-MI. (See Declaration of Jenny Coppola).
>
> **Response:**     <u>See FN 12</u>.   Prudential further objects to this RPD as it is not reasonably calculated to protect the privacy of individuals who are not parties to this lawsuit, in violation of state and/or federal privacy laws. Prudential further objects to this RPD to the extent it seeks information or documents that are subject to attorney-client privilege, attorney work product protection, and/or any other privilege recognized by law.

In an ongoing wave of objections, Prudential has objected to Plaintiff's request for production of any legal or administrative (i.e. claim) filed by other similarly situated employees seeking disability benefits.[19]  First, as discussed repeatedly herein, any private information would

---

[19]   The policy number referenced by Plaintiff is the policy issued to the employer Gordon Food Services ("GFS").  Any request is necessarily limited to employees of GFS.

be protected by the protective order ultimately entered by the Court.  Second, the information is entirely relevant as to Prudential's claims procedures – both the establishment of claims procedures and the maintenance as well.  29 CFR 2560.503-1.  Prudential's prior interpretation (where permitted) of the policy terms is both binding and relevant.[20]  Further, any prior judicial determination concerning the policy is similarly binding upon Prudential.

> **RFP # 13**    The application, administrative and underwriting file(s) for Group Insurance Contract No. G-44096-MI.
>
> **Response:**    <u>See FN 12</u>.    Subject to and without waiving these objections, Prudential states that pursuant to Fed. R. Civ. P. 34, Prudential already has produced Plaintiffs administrative record (including group contract documents), documents bates stamped D0001-D01379.

While Prudential alleges that it provided the requested documents, a review of the filing (D0001-D1379) indicates that Prudential has not provided the application, the administrative file, and the underwriting file.  Prudential has simply offered what it terms a group contract.  However, in order for the group contract to have ever been issued, the employer GFS would necessarily have had to submit an application.  Someone with Prudential (most likely the agent and the actuary) would have been involved in determining the policy terms, conditions, exclusions, and premium (pricing).  Further, the actuary would have established pricing according to an internal pricing model or a model created specifically for GFS.  In either case, the actuary would have made assumptions as to the reserves and expected claims/loss ratio for the group policy.  After all, Prudential is a publicly traded company.  As such, it is in business of making a profit – paying out more in claims than premiums collected undermines the profit

---

[20] "The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been **applied consistently with respect to similarly situated claimants**."  29 CR 2560.503-1(b)(5).

objective.   Accordingly, all of this information is relevant and necessary to fully evaluate Prudential's financial bias.

> **RFP # 14**      All documents identifying the reserves for Plaintiffs benefits claim from the commencement of benefits to date - indicating any changes and the corresponding reasons for each change.

> **Response:**    See FN 12.

As Prudential has previously indicated, a working knowledge of disability claims reserves is critical to understanding pricing and risk.   A reserve is established to cover the potential liability of a disability claim such as Plaintiff's.   Prudential's liability includes benefits due and payable from the effective date of his claim through the maximum policy age.   A termination of his claim results in the elimination of the reserves (a liability) and the creation of additional cash (an asset).   In short, Prudential profits by the termination of Plaintiff's disability benefits.   The extent of that profit – as reflected in the reserves – is indicative of Prudential's financial interest in terminating Plaintiff's benefits.

> **RFP # 15**      All documents identifying the gross revenues, and/or net profit generated, by Your sale of Group Insurance Contract No. G-44096-MI.

> **Response:**    See FN12.

As with RFP #14, Prudential's actual revenues and corresponding profit from the sale of the group policy can further demonstrate the extent to which Prudential has a financial incentive to terminate Plaintiff's claim.

> **RFP # 24**      The master insurance policy as filed with and approved by the applicable Michigan insurance regulatory authority, including all schedules and amendments.

> **Response:**    See FN 12.   Subject to and without waiving these objections, Prudential states that pursuant to Fed. R. Civ. P. 34,

> Prudential already has produced relevant group contract documents within the bates stamped documents found in D0001-D01379.

While Prudential alleges that it provided the requested documents, a review of the filing (D0001-D1379) indicates that Prudential has not provided the master insurance policy as filed with the applicable insurance regulator for Michigan. Without having the master insurance policy, it is not possible to determine whether the terms and conditions provided in the policy given to Plaintiff are accurate. This issue becomes especially relevant given the policy filed by Prudential than contains a section that is neither contained in and is not referenced by Plaintiff's policy.

## II.    CONCLUSION

As discussed <u>supra</u>, Plaintiff respectfully requests the Court to enter an order compelling Defendant Prudential to supplement its responses and production as discussed herein and to reimburse Plaintiff for any fees and costs incurred in bringing this motion. Plaintiff has tendered a proposed order for the Court's consideration.

---

**Dated:**  January 26, 2010            **Respectfully Submitted By:**


s/ Michael D. Grabhorn
**Michael D. Grabhorn**
*mdg@grabhornlaw.com*
**GRABHORN LAW OFFICE, PLLC**
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky  40223
Ph:  (502) 244-9331
Fx:  (502) 244-9334

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE of SERVICE**

I hereby certify that on the 26th day of January, 2010, a copy of the foregoing was filed electronically with this Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Michael D. Grabhorn
**Michael D. Grabhorn**