UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN A. MULLINS                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:09CV-371-S

PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, John A. Mullins, for an award of attorney's fees and costs (DN 127).  Defendant Prudential Insurance Company of North America has moved to strike two exhibits to Mullins' reply brief. (DN 138).

Mullins was employed by Gordon Food Service ("GFS") as a field sales representative from May 1993 to October 2005.  As an employee of GFS, Mullins was a participant in two separate disability benefit plans. The first was a plan self-funded by employers in the GFS family of companies and administered by GFS. This plan (the "GFS Plan") provided Mullins with up to one year of disability benefits. As a participant in the GFS Plan, Mullins was also eligible to purchase a Voluntary Long-Term Disability Plan benefit, which provided benefits beyond the one-year cap in the GFS Plan. Mullins elected to participate in this plan (the "Prudential Plan" or the "Plan"), which was insured and administered by Prudential, and is the plan at issue in this case.

Mullins was diagnosed with a number of medical conditions, including diabetes mellitus, obesity, hypertension, hyper-cholesterolemia, gastroesophegial reflux, and angina. *Id.* at D01256. He also has had a myocardial infarction and a hernia repair. *Id.* Mullins additionally claims to suffer from severe back and neck pain as the result of problems with his lumbar and cervical spine. Mullins

contends that the combination of his internal medical and orthopedic problems render him unable to work.  The majority of the record in this case pertains to alleged impairments arising from his back and neck conditions.  In August 2006, Mullins filed a claim with Prudential for long-term disability (LTD) benefits. *Id.* at D1323.  After an initial denial of his claim followed by 2 appeals, he was granted disability benefits.

In June 2008, Prudential sent a letter to Mullins explaining that in order to continue to receive disability benefits under the terms of the Plan after October 2008, he would need to satisfy the more stringent "any occupation" standard set forth in the Plan documents. *Id.* at D1281. Prudential stated that it had performed an Employability Assessment to determine what occupations Mullins would qualify for based on his work restrictions, education, work experience, and training, and that it had found three positions that met its criteria. *Id.* Prudential stated that based on this information, it anticipated that Mullins would no longer be eligible to receive disability benefits, and asked him to provide within 30 days "all record [sic] of medical treatment that you have undergone since January 1, 2008." *Id.* at D1281. Mullins apparently did not provide any additional medical information, and on September 24, 2008, Prudential sent him a letter notifying him of its intent to terminate his benefits. *Id.* at D1277–79. In this letter, Prudential reiterated its conclusions from the June letter, and also notified Mullins that he had the right to appeal and provide medical evidence of his disability.  On January 23, 2009, Mullins filed an appeal. *Id.* at D0132–43. He claimed that he was unable to perform even sedentary work.

On March 31, 2009, Prudential denied Mullins' appeal.  Prudential concluded that "[i]n the absence of medically supported restrictions or limitations in Mr. Mullins' functioning, we have further determined he retains the functional capacity to perform his regular occupation as it is

normally performed. Additionally, we maintain Mr. Mullins possesses the education, training, experience and functional capacity to perform . . . alternate occupations." *Id.* at D1261. Prudential "acknowledge[d]" that Mullins had been approved for Social Security benefits, but did not specifically address the Administrative Law Judge's findings, noting only that "the approval of one type of benefit does not mean that another type of disability benefit will be approved." *Id.*

Mullins brought this action under the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001, *et seq.*, challenging Prudential's termination of his long-term disability benefits. In a Memorandum Opinion entered June 8, 2011, this court found that

> While we have concluded that Prudential's claims decision process was flawed, we are not satisfied from the record that Mullins is entitled to disability benefits under the terms of the Prudential Plan. The opinions of Prudential's physicians differ significantly from those of Mullins' physicians, and even Mullins' own medical providers have not been in complete agreement as to the extent of Mullins' physical limitations or the degree to which he might be able to work. In such a situation, the proper remedy is to remand the case to the claims administrator for a full and fair review. *See Helfman v. GE Grp. Life Ins. Co.*, 573 F.3d 383, 396 (6th Cir. 2009). We will do so here.

Mem.Op. (DN 125), p. 21. The court then ordered the matter remanded to the administrator. To date, the court has not been apprised of an administrative decision.

Presently before the court is a motion by Mullins for an award of attorney's fees and costs (DN 127), and a motion by Prudential to strike certain matters raised in Mullins' reply brief in support of his motion (DN 138).

In its motion to strike, Prudential contends that certain matters were raised for the first time in Mullins' reply, and that certain documents appended to the reply brief are irrelevant to the motion for attorney's fees. In particular, Prudential objects to Mullins' presentation of defense counsel's hourly rates submitted in support of defense counsel's motion for fees in a case unrelated to the case

- 3 -

at bar.  Prudential urges that the reply exceeds the scope of Prudential's response, and that defense counsel's claims of fees in other matters is irrelevant.  Mullins contends that it has responded to the argument of Prudential that Mullins' "documentation is not adequate to demonstrate the number of hours actually and reasonably expended."  (DN 133, p. 16).

Prudential states in its motion to strike that it has "never objected to Plaintiff's counsel's requested hourly rates nor did Prudential dispute any of the documentation offered by Plaintiff in support of the requested rates."  (DN 138, p. 1).  The exhibits are therefore, at worst, gratuitous and unnecessary to our consideration of counsel's proposed hourly rate and hourly documentation.  We see no basis on which to strike the documents, as Mullins sought to address a suggestion by Prudential that there was some irregularity in plaintiff's counsel's recordkeeping, and that the documentation was inadequate to establish the number of hours actually and reasonably expended.  The motion to strike will therefore be denied.

Prudential makes a number of arguments in opposition to the motion for fees and costs.  It contends that

1.  No award should be made, as Supreme Court precedent has not clearly established that a plaintiff who obtains a remand of an ERISA claim but is ultimately unsuccessful in obtaining benefits has achieved the requisite degree of "success on the merits" to obtain a fee award.

2.  An award should not be made now, as the matter remains in the administrative forum.  It urges that a fee award would be premature.

3.  The limited degree of success in this case warrants a denial of a fee or a reduction in the fee amount.

4. Inadequate documentation of the fees claimed and inclusion of fees incurred in a separate administrative proceeding warrant a reduction in the fee amount.

These arguments will be addressed *sertiatim*.

Sixth Circuit law holds that a fee may be awarded where a plaintiff has obtained a remand, even if the claimant does not ultimately prevail on the merits. *McKay v. Reliance Standard Life Ins. Co.*, 2011 WL 2518728 (6th Cir. 2011).

Prudential correctly opines that the *McKay* court did not "*mandate* that a remand always equals success on the merits," and that the "appropriateness of a fee award remains a matter of case-specific judicial discretion." (DN 133, p. 4 (emphasis ours)). We conclude under the facts of this case that the remand ordered by this court constituted "some degree of success on the merits," thus rendering the plaintiff eligible for an award of attorneys fees. *McKay, supra.; Holler v. Hartford Life and Accident Insurance Co.*, 737 F.Supp.2d 883, 906 (S.D.Ohio 2010), *citing Hardt, supra; Ruckelshaus, supra.*

In ordering remand for a full and fair review, this court found that Prudential's decision did not reflect that certain evidence had been considered and that it did not adequately address the Social Security Administration's finding that Mullins was disabled. In concluding that the balance tipped in favor of a finding of arbitrary and capricious decision-making, the court also noted that Prudential was both the decision-maker and the payor of claims under the plan. It additionally noted that, despite its retained right to do so, Prudential chose not to require a second independent medical examination to further evaluate Mullins' subjective complaints of disabling pain. Thus we find that this remand was more than "trivial" or "purely procedural." *See Hardt v. Reliance Standard Life*

*Ins. Co.*, ___U.S.___, 130 S.Ct. 2149, 2158, 176 L.Ed.2d 998 (2010).  Mullins achieved "some degree of success on the merits" on his claim for wrongful denial of benefits.

As current Sixth Circuit case law holds that remand, alone, constitutes "some degree of success on the merits."  *McKay, supra.; see also Thies v. Life Ins. Co. of N. Am.*, No. 5:09-cv-98-TBR, 2012 WL 13348 (W.D.Ky. Jan. 4, 2012)(*citing, Hardt, supra.; McKay, supra.; Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983)), we find no merit to the argument that Mullins' motion is premature.

The decision whether to award of a fee under 29 U.S.C. § 1132(g)(1) to a party who has achieved "some degree of success on the merits" is discretionary with the court.  When a fee is available, the court applies a five-factor test found in *Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) to make the requisite determination.  *King* counsels the court to consider:

(1) the degree of the opposing party's culpability or bad faith;

(2) the opposing party's ability to satisfy an award of attorney's fees;

(3) the deterrent effect of an award on other persons under similar circumstances;

(4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and

(5) the relative merits of the parties' positions.

*Id.*

Prudential does not dispute that it has the ability to satisfy a fee award.  It offers little to bolster its argument that it is not culpable for failing to provide a full and fair review.

Prudential notes that the court did not find that Mullins claim for benefits was wrongly decided.  Rather, it urges that the court had "concerns with the adequacy of detail."  Response, p. 6.  The court did, however, find that sufficient contradictory material was either summarily

- 6 -

disregarded or overlooked such that the decision did not survive the court's arbitrary and capricious review.  (DN 125., p. 21).  The court concluded that Prudential's claims decision process was flawed, but the court was not satisfied from the record that Mullins was entitled to benefits under the terms of the Prudential Plan.  *Id.*  Indeed, the court found that remand was appropriate in light of the significant difference in opinions among the various physicians as to the extent of Mullins' physical limitations and his ability to work.  *Id.*  The court concludes, therefore, that Prudential is culpable in this context, and that this *King* factor favors a fee award.

Prudential urges that there is no conduct to deter, and thus the third *King* factor militates against the award of a fee.  Prudential's conduct need not have been in bad faith.  Indeed, there is no evidence to suggest a bad motive.  However, we noted a potential conflict of interest where an administrator is both the decision-maker and payor.  This is all the more reason for a decision denying benefits to clearly evidence a full and fair review.

In *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 532 (6th Cir. 2008), the court held that "[t]he key question in analyzing this third [*King*] factor is...whether the fee award would have a deterrent effect on other plan administrators."  We find that it would.  As stated in *Holler, supra.*, a case similar on its facts, "Plaintiff's fees will warn plan administrators that 'before terminating a plan participant's benefits, a plan administrator should ensure that the opinions upon which they rely to make their decisions are based on a thorough review of the administrative record.'"  We therefore conclude that the deterrent effect of an award favors the grant of a fee to Mullins.

There has been no showing that Mullins' action sought to confer a common benefit on Plan participants or resolves significant legal questions under ERISA, despite Mullins' urgings to the

contrary. Mullins' suit was filed and litigated for his personal benefit. No new legal ground was broken here.

Finally, we conclude that the relative merits of the claims favors Mullins. This court did not find that Mullins' contention that he is disabled has any merit. However, that is beside the point. Whether or not Mullins is ultimately found disabled under the terms of the Plan, his claim for benefits is entitled to full and fair review by the administrator. Rather, in this instance, the court found itself unable to find that the plan administrator had engaged in a deliberate, principled reasoning process supported by substantial evidence in reaching a decision. Thus having overcome the deferential "arbitrary and capricious" standard, we conclude that the relative merits favor Mullins of the issue of an award of fees. *Theis, supra.*

We conclude that the only one of five factors does not favor an award of an attorney's fee in this case. Therefore the court, in its discretion, will award Mullins a reasonable fee, pursuant to 29 U.S.C. § 1132(g)(1).

The proper method for calculating attorney's fees is the "Lodestar" method whereby the hours reasonably expended by counsel are multiplied by a reasonable hourly rate commensurate with *the fee rate imposed in the local legal community* by counsel of similar experience. *General Instrument Corp. of Delaware v. Nu-Tek Electronics*, 197 F.3d 83, 91 (3d Cir. 1999)(*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court has been provided affidavits from attorneys in major metropolitan areas such as Cincinnati, Ohio; Indianapolis, Indiana; and Grand Rapids, Michigan who have averred that they charge $350.00/hr. or more for such work. Quite evidently, these affidavits provide no assistance to the court in ascertaining the rate imposed in this community for comparable work and experience. The court is dubious of the assertion that the local community

- 8 -

would support such a rate for a lead attorney of Mr. Grahorn's experience.  Nor is the court convinced that paralegals would command $110.00/hr. for such work.  No evidence of the hourly rates generally utilized in the Louisville legal community for similar services was submitted other than Mr. Grabhorn's affidavit regarding his own fees.

However, as noted at the outset of this opinion, Prudential has stated unequivocally that it does not challenge the hourly rate or any documentation offered in support of that hourly rate. Therefore, the court will award Mr. Grabhorn at the rate of $350.00/hr. and $110.00/hr. for paralegal work.

The rate of $350.00/hr. for Mr. Grabhorn's time in cases such as these has been approved by at least one other court very recently, where the defendant did not provide any evidence to contradict the claim of Mr. Grabhorn that $350.00/hr. is a reasonable hourly rate in the local legal community for similar work and experience.  (*See Theis, supra.*).  Judge Russell did reduce the hourly rate to $275.00/hr. for work performed prior to January 1, 2010 when Mr. Grabhorn states that he began charging $350.00/hr.  We find that a similar reduction should properly be made here for work performed February 23, 2009 through December 30, 2009.  This adjustment requires a reduction in the hourly rate for 54.2 hours translating to a reduction of $4,065.00 from the $77,455.00 requested.  We note that despite the statement in his affidavit that the $350.00 rate was instituted January 1, 2010, he requested $350.00/hr. for all 221.3 hours billed.

Prudential suggests that the documentation submitted by Mullins in support of the hours claimed is insufficient because he does not establish that attorney and paralegal time was contemporaneously recorded.  It offers no basis for this statement other than that there were apparently two days for which twelve hours was billed.  Mr. Grabhorn has submitted an affidavit

- 9 -

averring that the entries were recorded contemporaneously with the expenditure of time.  There do not appear to be irregularities in the billing records.  Prudential apparently found the reported twelve-hour summary judgment briefing marathons interesting, but offered nothing more.  We find no basis upon which to question this record.  Prudential also noted that counsel billed 10.2 hours for what Prudential terms as work "in pursuit of [a Michigan Department of Insurance] administrative complaint."  However, as Prudential has failed to identify any dates or ledger entries to correspond to these 10.2 hours, and upon review of the documents, no such entries are readily apparent, the objection is without merit.

Plaintiff seeks an award in the following amounts:

| | | |
|---|---|---|
| 54.2 attorney hours x $275.00/hr. | = | $14,905.00 |
| 167.1 attorney hours x $350.00/hr. | = | $58,485.00 |
| 5.2 paralegal hours x $110/hr. | = | $572.00 |
| **Attorney Fee Total:** | | **$73,962.00** |

**Costs**                                    **$974.68.**

Prudential urges that any fee should be reduced by approximately $13,265.00 in light of the fact that Mullins' counsel engaged in a great deal of discovery which ultimately yielded nothing relevant to the case.  In evaluating a reasonable fee, the court is not tasked with rating the effectiveness of litigation strategies.  Suffice it to say that the record reflects that the litigation was hard fought on both sides.  The court has not been shown that the fee award sought is unreasonable.

An award of the fees and costs requested by Mullins will be made by separate order.

**IT IS SO ORDERED.**            March 28, 2012

Charles R. Simpson III, Judge
United States District Court

- 10 -