UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN A. MULLINS                                                                                                        PLAINTIFF

v.                                                                                                  CIVIL ACTION NO. 3:09-cv-371-S

PRUDENTIAL INSURANCE CO.
of AMERICA                                                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of the plaintiff, John A. Mullins ("Plaintiff"), for a scheduling order to address further proceedings (DN 156) and for referral of this matter for mediation (DN 157). The defendant, Prudential Insurance Co. of America ("Defendant") has filed responses to each motion (DNs 158, 159) and Plaintiff has replied (DNs 160, 161), making the matter now ripe for adjudication.

This case involves claims by Plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. We previously held that Defendant's denial of Plaintiff's benefits claim was arbitrary and capricious. (DNs 125, 126). We remanded Plaintiff's claims to Defendant for a full-and-fair review. *Id*. Defendant denied Plaintiff's claims on remand. *See* (DN 156). Plaintiff now moves this court to reopen the matter and enter a scheduling order so that Plaintiff may now challenge Defendant's decision to deny his claims on remand. *Id*.

Plaintiff filed a second motion on the same day to refer this matter to mediation. (DN 157). Defendant did not object to the motion for referral to mediation, but only raised logistical issues.

Case 3:09-cv-00371-CRS-DW   Document 162   Filed 07/18/12   Page 2 of 2 PageID #: 1720

- 2 -

(DN 159).  Therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion to refer to mediation (DN 157) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that this matter is **REFERRED TO THE MAGISTRATE JUDGE FOR MEDIATION**.  All issues regarding who must be present at the mediation will be determined by the Magistrate Judge.  However, the parties should be aware that the magistrates typically do not allow participation in mediation by telephone.

**IT IS HEREBY FURTHER ORDERED** that because this matter is referred for mediation in front of the Magistrate Judge, the motion for a scheduling order to address further proceedings (DN 156) is **HELD IN ABEYANCE** while this matter is in mediation.

**IT IS SO ORDERED**.

July 17, 2012

Charles R. Simpson III, Judge
United States District Court

cc:  Counsel of Record
     MJ Whalin's Case Manager